STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. CV-12-424
                          STATE OF MAINE               TDW - CUM - 10/15/2012
JOHN DOE # 1, et al,      Cumberland    Office

        Plaintiffs

v.                        RECEIVED                      ORDER


KATHRYN SLATTERY, District Attorney
for the Prosecutorial District that includes
York County, et al.,

        Defendants


        Before the court is plaintiffs' motion for a TRO to prevent disclosure of the names and addresses of certain persons who have been named in summonses issued by the Kennebunk Police Department and/or the York District Attorneys Office.

        The court held a brief telephonic hearing with counsel for plaintiffs and counsel for the Kennebunk Police Department this afternoon. At that conference it was not disputed that although the York County District Attorney, the Chief of the State Police, and the Attorney General are named defendants in this action, the only imminent release of any information for which plaintiffs are seeking a TRO is the release in the ordinary course of business by the Kennebunk Police of the names of persons who have been issued summonses. Accordingly, the court is prepared to rule on the motion without hearing from counsel for the other defendants.

        At the conference it was also not disputed that the Kennebunk Police do not intend to release a so-called "list" at this time but only intend – unless enjoined – to release "police blotter" information as to the names and addresses of persons who have been summonsed for the offense of engaging a prostitute.

A party seeking a TRO or preliminary injunction has the burden of demonstrating (1) that he will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) that he has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) that the public interest will not be adversely affected by granting the injunction. Bangor Historic Track, Inc. v. Department of Agriculture, 2003 ME 140 ¶ 9, 837 A.2d 129, 132. Failure to meet any one of these criteria requires that injunctive relief be denied. Id., 2003 ME 140 ¶ 10, 837 A.2d at 132-33.

The court has reviewed the arguments of the plaintiffs and concludes that, with respect to the release of the names of persons summonsed, the plaintiffs have not demonstrated the requisite likelihood of success on the merits on any of their various arguments. "Police blotter" information is not subject to the criminal history record information act, see 16 M.R.S. § 612(2)(B), and criminal justice agencies are specifically permitted to disclose information relating to offenses for which persons are currently within the criminal justice system. 16 M.R.S. § 612(3)(A).

Moreover, the summonses in question will result in the filing of criminal complaints, and the names of defendants who have been accused of crimes is – and has always been – public information. The need to protect criminal defendants' rights to a fair trial and to protect citizens against unwarranted invasions of privacy does not extend to protecting the identity of persons who have been charged with criminal offenses and summoned to appear in court.

Indeed, while the court does not minimize the harm to the reputations and family ties that may result from the disclosure of the names of persons charged with the misdemeanor offense of engaging a prostitute under the circumstances of this case, the

court also cannot conclude that the public interest would not be adversely affected by the grant of a TRO in this case. The principle that court proceedings are public is essential to public confidence. If persons charged with crimes could withhold their identities, the public would not be able to monitor proceedings to observe whether justice has been done and to observe whether certain defendants may have received favored treatment.

Although there is no basis to withhold the names of the persons summonsed, there is no dispute that certain of the persons summonsed for engaging a prostitute are also potential victims of the criminal offense of invasion of privacy. Many of the sexual encounters in question were allegedly filmed. Counsel for plaintiffs has represented that Alexis Wright has been charged with multiple counts of criminal invasion of privacy, presumably under 17-A M.R.S. § 511(1)(B), for allegedly filming sexual acts with persons who may include the plaintiffs. If the persons charged with engaging a prostitute are also persons who are alleged victims of the criminal charges of invasion of privacy, then their addresses should be confidential under 17-A M.R.S. § 1176(1).

Counsel for plaintiffs argues that the same statute should also protect the names of victims because their names constitute information "from which [their] current address or location could be determined." If plaintiffs' interpretation of the statute were correct, the identities of all persons charged with crimes who are also alleged victims of other crimes – a not infrequent occurrence – would have to be withheld and their cases handled in a star chamber like proceeding. The court disagrees.

For purposes of the instant motion, plaintiffs have demonstrated a basis to withhold the addresses of those persons summonsed who are also alleged victims of

3

criminal invasion of privacy, but they are not entitled to relief preventing the disclosure of their names.[1]

The entry shall be:

Plaintiffs' motion for a TRO is denied with respect to the release of the names of persons summonsed. Plaintiff's motion for a TRO is granted with respect to the disclosure of the address of any person who has been summonsed and who is also an alleged victim of a charge of invasion of privacy brought against Alexis Wright. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 15, 2012
3:20 pm

Thomas D. Warren
Justice, Superior Court

---

[1] Two other points should be made. First, the only persons technically entitled to relief are the two plaintiffs before the court, but the court understands that counsel for the Kennebunk Police will apply this ruling to parties similarly situated. In addition, counsel for plaintiffs has represented that at least one of the plaintiffs is a resident of Portland, which may obviate any venue issues.